## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ERNEST J. GALLEGOS,

      Plaintiff,

vs.                                                     No. CIV 21-0345 JB/GBW

STATE OF NEW MEXICO; GOVERNOR
MICHELLE GRISHAM; BERNALILLO
COUNTY DISTRICT ATTORNEY; NEW
MEXICO CORRECTIONS DEPARTMENT;
GUADALUPE COUNTY CORRECTIONS
and WEXFORD MEDICAL DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915A and rule 12(b)(6) of

the Federal Rules of Civil Procedure on the Complaint (Tort), filed April 15, 2021 (Doc. 1-

1)("Complaint"), that Plaintiff Ernest Gallegos in the County of Guadalupe, Fourth Judicial

District Court, State of New Mexico, and that Defendant Guadalupe County Corrections removed

to this Court on April 15, 2021.  See Notice of Removal, filed April 15, 2021 (Doc. 1).  The Court

will dismiss the federal claims with respect to all Defendants except the Bernalillo County District

Attorney, Assistant District Attorney Treich, and Senior Program Specialist/Habeas Unit

Gonzales.

## FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Gallegos brings claims under the New Mexico Tort Claims Act,

N.M.S.A. §§ 41-4-1 through 41-4-30, for damages based on the failure of the Defendants to release

him from prison and allowing him to be exposed to the "Global Contagion COVID-19."

Complaint at 1, 6, 15.  Gallegos sets out five counts in his Complaint: (i) "Count 1: Cruel and Unhumane," Complaint at 7; (ii) "Count 2: Fourteenth Amend Equal Protection and Procedural Due Process (culpability)," Complaint at 8; (iii) "Count 3:  Medical Negligence," Complaint at 10; (iv) "Count 4:  Governmental Equal Protection," Complaint at 11; and (v) "Count 5:  Negligence and (Government Access to Court)," Complaint at 14.  Gallegos names as Defendants, the State of New Mexico, Governor Michelle Grisham, the Bernalillo County District Attorney, the New Mexico Corrections Department, the Guadalupe County Corrections, Wexford Medical Department, Assistant District Attorney Jerry W. Treich, Corrections Department officials Eric Harrison and Gary Maciel, Warden Vincent Horton, Office of Senior Program Specialist Melissa Gonzales, Deputy Warden Mr. Peterson, and Medical Administrator Ms. Selena.  Complaint at 1-3.  Gallegos attests that the precautions taken at the Guadalupe County Corrections facility were inadequate to protect him and other inmates from exposure to COVID-19.  See Complaint at 4. He contends the Governor should have used her pardon powers to release him and other inmates from incarceration.  See Complaint at 6.  He also claims that officials of the Department of Corrections conspired with the Second Judicial District, Bernalillo County District Attorney's Office, and Senior Program Specialist Gonzales to falsify COVID test results and used the false results to prevent prisoners from obtaining habeas corpus relief.  See Complaint at 6.  He asks the Court to grant him:

> 1) Compensatory Damages in an as yet undetermined amount, jointly and severally against all Defendants, including damages for attorneys fees and emotional harm, suffered damages including but not limited to, physical injuries, pain and suffering and severe psychological and emotional distress in the amount sum in triplicate, loss of chance by circumvention of a judicial proceeding for the safety and freedom of plaintiff 2) such other and further relief as the Court deems appropriate including monetary injunction relief if determined.

Complaint at 15.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

Gallegos is proceeding pro se. The Court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted under either 28 U.S.C. § 1915A or rule 12(b)(6) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). Under § 1915A, whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. See 28 U.S.C. § 1915A. Section 1915A states:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> . . . .
>
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. A plaintiff must "nudge" claims across the line from conceivable to plausible. Bell Atlantic Corp. v. Twombly,

550 U.S. at 570.  To meet the standard, the plaintiff must furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 545. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009).

Where the complaint pleads only facts that do not permit the court to infer more than a mere possibility of misconduct, it has not shown that the plaintiff is entitled to relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In the end, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  In assessing whether plaintiff has met this burden, the court need not credit bald assertions or legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. at 678-79.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  In sum, a plaintiff must allege enough factual matter, that, taken as true, suggests the legal conclusions that plaintiff asserts.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  The same legal standards that apply to all litigants apply to a pro se plaintiff's pleadings and a pro se plaintiff must abide by the applicable court's rules.  See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  Nor may the Court assume the role of advocate for the pro se litigant. Hall v. Bellmon, 935 F.2d at 1110.

- 4 -

I.      **THE COURT WILL DISMISS GALLEGOS' CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE STATE, GOVERNOR, CORRECTIONS DEPARTMENT, CORRECTIONS DEPARTMENT OFFICIALS, AND <u>GUADALUPE COUNTY CORRECTIONAL FACILITY</u>.**

Section 1983 is a vehicle for vindicating substantive rights under the Constitution of the United States of America.  See <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979); <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994)(noting that Section 1983 creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); <u>Bolden v. City of Topeka</u>, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights that the United States Constitution secures.  See 42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).[1] There must be a connection between the official conduct and violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  <u>See</u> <u>Trask v. Franco</u>, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for co-workers' or subordinates' actions. See <u>Ashcroft v.</u>

---

[1]Gallegos' Complaint alleges that the Defendants were acting under color of both state and federal law.  <u>See</u> Complaint at 2.  Because none of the Defendants are federal officials, however, the Court does not address Gallegos' assertions of action under color of federal law.

Iqbal, 556 U.S. at 676.  A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. at 676. Gallegos must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original).  Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, do not state a for relief.  Robbins v. Oklahoma, 519 F.3d at 1249-50.

### A.    CLAIMS AGAINST THE STATE, GOVERNOR, CORRECTIONS DEPARTMENT, AND CORRECTIONS DEPARTMENT OFFICIALS.

Gallegos names as Defendants the State of New Mexico, the New Mexico Corrections Department, Michelle Grisham, Governor of the State of New Mexico, in her individual and official capacities, and Eric Harrison and Gary Maciel of the New Mexico Corrections Department in their official capacity.  See Complaint at 1-2.  The State is not a "person" within the meaning of 42 U.S.C. § 1983, and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(quotation marks omitted).  Section 1983 does not abrogate the States' sovereign immunity, and the States, their agencies, and their officials acting in their official capacity do not qualify as "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67, 71 (1989).

The New Mexico Corrections Department is an agency of the State of New Mexico, and its officials are State agents when acting in their official capacities. The State, the Corrections Department, the Governor in her official capacity, and Corrections Department officers in their official capacities are not persons for § 1983's purposes and no § 1983 relief is available against them. See Brown v. Buhman, 822 F.3d at 1161 n.9. The Court, therefore, will dismiss the federal claims against the State of New Mexico, the New Mexico Corrections Department, and the official capacity claims against Governor Grisham and New Mexico Corrections Department officials Eric Harrison and Gary Maciel. See Will v. Michigan Dep't of State Police, 491 U.S. at 63-64.

**B.    CLAIMS AGAINST GUADALUPE COUNTY CORRECTIONAL FACILITY.**

Gallegos also names Guadalupe County Corrections, the correctional facility where he is incarcerated, as a Defendant. See Complaint at 1. As a general rule, "a detention facility is not a person or legally created entity capable of being sued." Aston v. Cunningham, 216 F.3d 1086 (10th Cir. 2000). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." Apodaca v. New Mexico Adult Prob. and Parole, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014)(Browning, J.). See Kristich v. Metropolitan Detention Ctr., 2016 WL 5387675 at *2 (D.N.M. September 2, 2016) (Browning, J.); Wishneski v. Lea Cty. Det. Ctr., 2012 WL 1688890, at *2 (D.N.M. May 2, 2012)(Browning, J.)(holding that "'a detention facility is not a person or legally created entity capable of being sued'"); Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners, 272 F. Supp. 3d 1256, 1264-65 (D.N.M. 2017)(Browning, J.). Guadalupe County Corrections is, therefore, not a person for § 1983's purposes. The Court, therefore, will dismiss Gallegos' claims against Guadalupe County Corrections.

C.      **CLAIMS AGAINST THE BERNALILLO COUNTY DISTRICT ATTORNEY, ASSISTANT DISTRICT ATTORNEY TREICH, AND SENIOR PROGRAM SPECIALIST/HABEAS UNIT GONZALES.**

Gallegos' Complaint identifies the Bernalillo County District Attorney, Assistant District Attorney Treich, and Bernalillo County DA Senior Program Specialist/Habeas Unit, Gonzales as Defendants.  See Complaint at 2.  Gallegos contends:

> Bernalillo County District Attorneys Office and Jerry W. Treich (Defendant) has conspired with Defendants Eric Harrison, Gary Maciel, (GCCF) Warden Vincent Horton, and Melissa Gonzales of the Senior Specialist Unit/Habeas Division have falsified test results by stating test results came back negative on an inmates that may have come in contact with Nurse Ms. Sanchez . . . . This false fabricated test results were used by Defendant District Attorney Jerry W. Treich and all above Defendants, within the procedural due process to have plaintiffs petitions not considered by the courts.

Complaint at 6.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions.  Miller v. Spiers, 434 F. Supp. 2d 1064 (D.N.M. 2006)(Black, J.); Johnson v. Lally, 1994 -NMCA- 135, ¶ 1, 118 N.M. 795, 796, 887 P.2d 1262, 1263. The common law has long recognized prosecutors must be given immunity from civil liability's chilling effects.  See Burns v. Reed, 500 U.S. 478, 485 (1991).  Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  By contrast, "absolute immunity may not apply when a prosecutor . . . is instead engaged in other tasks, say, investigative or administrative tasks." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009).  "In *Buckley I*, 509 U.S. at 261, 272-76, 113 S.Ct. 2606, the Supreme Court held that absolute immunity does not protect the act of 'fabricating evidence during the preliminary investigation of a crime.' This is true because prosecutors cannot 'properly claim to be acting as advocates' -- that is, engaging in functions intimately associated

with the judicial phase of the criminal process -- when performing such acts."   Bledsoe v. Vanderbilt, 934 F.3d 1112, 1117 (10th Cir. 2019).

Gallegos' contention that the Defendants falsified test results is apparently based on an e-mail exchange during and related to legal proceedings in the Second Judicial District Court.  See Complaint at 5.  The exchange was among representatives of the Bernalillo County District Attorney's Office, New Mexico Corrections Department officials, and Guadalupe County Corrections officials facility confirming that a nurse at the facility had tested positive for COVID-19 and detailing the steps the facility took, including quarantine, testing of symptomatic individuals, screening of asymptomatic individuals, social distancing, and contact tracing.  See Complaint at 5-6.  Gallegos therefore alleges properly a § 1983 claim against Bernalillo County District Attorney, Assistant District Attorney Treich, and Bernalillo County DA Senior Program Specialist/Habeas Unit, Gonzales.

## II.   THE COURT WILL DISMISS GALLEGOS' INDIVIDUAL CLAIMS AGAINST SELENA, HORTON, PETERSON, CORRECTIONS OFFICIALS, AND THE GOVERNOR.

Gallegos identifies as a Defendant the Medical Administrator for Wexford Medical, Ms. Selena.  See Complaint at 3.  His specific allegations relating to Selena are as follows:

> Defendant Ms. Selena, is a citizen of New Mexico and holds the office of Administrator of Medical (Weford Company) whom is a SVD contractor to (GCCF) acting under administrator duties at times this claim arose.
>
> . . . .
>
> Administrator medical staff defendant named in this complaint intentionally fails in her duty to perform.  The COVID-19 test on each inmate, knowing the risk of harm which COVID result to the death of many lives. Then signs or has a clearance signed.

Complaint at 3, 10.  Gallegos' generalized contentions that Ms. Selena "intentionally fails in her

duty to perform" are not specific sufficiently and do not rise to the level of a constitutional violation.  Complaint at 10.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 676. Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment of the Constitution of the United States of America, U.S. Const. amend. VIII.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

Further, Gallegos' difference of opinion with how Selena dealt with other inmates that may have been exposed to COVID-19 does not constitute an Eighth Amendment violation.  A difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which inmates receive does not support a claim of cruel and unusual punishment.  <u>See</u> <u>e. g.</u>, <u>Smart v. Villar</u>, 547 F.2d 112, 114 (10th Cir. 1976); <u>Thompson v. Gibson</u>, 289 F.3d 1218, 1222 (10th Cir. 2002).  Consequently, Gallegos' Complaint does not state a claim against Selena.

Gallegos asserts individual capacity claims against Horton, Peterson, Harrison, and Maciel.  <u>See</u> Complaint at 2.  Most of the Complaint's allegations are generalized references to "Defendants," "officials," and "staff" and do not specify any particular Defendant's individualized conduct.  <u>See</u> Complaint at 11, 14.  The Complaint's only allegations that specifically identify Horton, Harrison and Maciel are:

> Bernalillo County District Attorneys Office and Jerry W. Treich (Defendant) has conspired with Defendants Eric Harrison, Gary Maciel, GCCF Warden Vincent Horton, and Melissa Gonzales of the Senior Specialist Unit/Habeas Division have falsified test results by stating test results came back negative on an inmates that may have come in contact with Nurse Ms. Sanchez . . . .  This false fabricated test results were used by Defendant District Attorney Jerry W. Treich and all above Defendants, within the procedural due process to have plaintiffs petitions not considered by the courts.

Complaint at 6.  As for Peterson, the Complaint states that "Defendant Mr. Peterson is a citizen of the State of New Mexico and holds the office of (GCCF) Deputy Warden acting under color of

state law at times this claim arose."  Complaint at 2.  Gallegos' allegations do not allege that any

of the Defendants, through their own individual actions, violated the Constitution.  See Ashcroft

v. Iqbal, 556 U.S. at 676.  Nor does Gallegos allege any personal involvement by an identified

official in any alleged constitutional violation against Gallegos.  See Fogarty v. Gallegos, 523 F.3d

at 1162.  Gallegos' Complaint does not "make clear exactly who is alleged to have done what to

whom" and is insufficient to provide each individual with fair notice as to the basis of the claim

against him.  Robbins v. Oklahoma, 519 F.3d at 1249-50.  Gallegos' generalized statements that

the Defendants conspired with others, without plausible supporting factual allegations, fail to state

any claim for relief.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.

Gallegos further asserts individual capacity claims against Governor Grisham.  Rather than

identifying Governor Grisham's acts, however, Gallegos claims that the Governor had the power

to release him from incarceration during the COVID pandemic and states:

> Governor of the State of New Mexico Michelle J. Grisham is held
> responsible for not using her power and authority to find alternative remedies for
> me to be released from prison during the security threat of death by a global
> contagion COVID-19, Governor Michelle J. Grisham has power to grant pardon
> (clemency) to prisoners that are not serving a death sentence, this has caused me to
> seek alternative means to be released by petitions of habeas and 5-801 petition, that
> have been disregarded and not considered to have the elements to proceed.

Complaint at 6.  The Complaint's allegations do not state a § 1983 individual claim for relief

against Governor Grisham.  Gallegos does not plead that the Governor, through the Governor's

own individual actions, violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. at 676.  Nor

does Gallegos show any personal involvement by Governor Grisham in any alleged constitutional

violation against Gallegos.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

Gallegos' conclusory statements that the Governor is required to find alternative remedies for his

release are insufficient factually to state a plausible § 1983 claim for relief. See Ashcroft v. Iqbal, 556 U.S. at 676.

## III.   THE COURT WILL DISMISS GALLEGOS' CLAIMS AGAINST WEXFORD MEDICAL DEPARTMENT.

Gallegos appears to be attempting to hold private corporation Wexford Medical vicariously liable for the actions of its employee under 42 U.S.C. § 1983. See Complaint at 3. Where, as in this case, a corporate entity is performing the actions that a state or municipality typically perform, like operating a prison, that corporate entity can be sued under § 1983. Richardson v. McKnight, 521 U.S. 399, 413 (1997)(leaving the determination of whether the employees of a private corporation acted under color of state law in violation of § 1983 to the district court)(citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982)); Smith v. Cochran, 339 F.3d 1205, 1215-16 (10th Cir. 2003)(citations omitted)("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment."). To succeed in a § 1983 action against a corporate entity, however, the plaintiff must prove that the corporate employee or agent committed a constitutional violation, and that the violation was a direct result of some policy or custom of the corporation. See Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998); Monell v. Dept. of Social Servs. of the City of New York, 436 U.S. 658, 690-95 (1978); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(citations omitted)("[C]aselaw from this and other circuits has extended the Monell doctrine to private § 1983 defendants.").

As set out, above, the allegations of the Complaint are factually insufficient to show that any employee of Wexford individually engaged in conduct that violated a constitutional right.

- 12 -

Further, nowhere in his Complaint does Gallegos contend that any policy or custom of Wexford Medical was a direct cause or a moving force behind any violation of Gallegos's civil rights. See Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs, 151 F.3d at 1316. The Complaint does not state a claim for § 1983 relief against Wexford Medical. See Monell v. Dept. of Social Servs. of the City of New York, 436 U.S. at 690-695.

## IV.   THE COURT WILL DISMISS ALL OF GALLEGOS' EIGHTH AMENDMENT, DUE PROCESS, AND EQUAL PROTECTION CLAIMS.

The Court concludes that Gallegos' Complaint does not state a § 1983 claim for relief against any individual or entity Defendant.  The Court also concludes that the Complaint does not state a substantive claim for § 1983 relief based on Eighth Amendment, due process, or equal protection violations.  Gallegos includes a claim that the Defendants' response to the COVID-19 pandemic was inadequate, and constituted "cruel and unhumane" treatment.  Complaint at 7-8. Gallegos summarizes his Eighth Amendment claim as follows: "Plaintiff is confined in Guadalupe County Corrections (Culprit) Facility which has encountered COVID-19 infected prison guards and staff even after screening and taking reasonable measures to precaution-prevent the risk of spreading the contagion, the virus has prevailed to show that the precautions are not sufficient." Complaint at 7.  Even if his Complaint was sufficient to state a § 1983 claim for relief against any individual or entity Defendant, Gallegos' claims that the medical protocols and handling of COVID-19 are do not state an Eighth Amendment claim for relief.

### A.   EIGHTH AMENDMENT CLAIM.

To proceed on an Eighth Amendment deliberate-indifference-to-medical-needs claim, Gallegos must plead facts tending to show that he had a serious medical need, and that an identified individual official knew he faced a substantial risk of harm and disregarded that risk, by failing to

take reasonable measures to abate it.  See Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).  The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention.  See Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997).

Gallegos' Eighth Amendment claim fails for several reasons. First, Gallegos does not show that he has a serious medical need for an Eighth Amendment claim's purposes.  A medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation and citation omitted). Gallegos' Complaint does not allege that Gallegos tested positive for or had symptoms of COVID-19, nor does he allege that he has any other serious medical condition or need.  In the absence of any evidence of a serious medical condition or medical need, Gallegos' allegations do not establish an Eighth Amendment claim.  See Ramos v. Lamm, 639 F.2d at 575.

Further, Gallegos does not identify any individual official that deliberately refused to provide him needed medical care. The Complaint's allegations do not tend to show any culpable refusal to provide medical care on Selena or any other official's part.  Accordingly, Gallegos' Complaint does not state an Eighth Amendment claim on which relief can be granted.  See Green v. Branson, 108 F.3d at 1304; Callahan v. Poppell, 471 F.3d at 1160

**B.    DUE PROCESS CLAIM.**

In the Complaint's Count 2, Gallegos alleges a procedural due process claim.  Complaint at 8-9.  "Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property."  Becker v. Kroll, 494 F.3d 904, 918 n.8 (10th Cir. 2007)(citation omitted).  Procedural due process protects the individual

against "arbitrary action of government."  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

In general, a plaintiff must make two showings to proceed on a procedural due process claim. See Hennigh v. City of Shanee, 155 F.3d 1249, 1253 (10th Cir. 1998).  First, a plaintiff must demonstrate that he possesses a protected liberty or property interest.  See Hennigh v. City of Shanee, 155 F.3d at 1253.  Second, a plaintiff must show that he was not afforded an appropriate level of process. See Hennigh v. City of Shanee, 155 F.3d at 1253.  "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance."  Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 847 (1977).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  Mathews v. Eldridge, 424 U.S. 319, 333 (1976)(quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

In his Complaint, Gallegos makes conclusory arguments that allegedly false test results "fabricated on a legal document to reduce Plaintiffs chances of demonstrating extraordinary changes to have the process of Plaintiffs means of self-protecting, by petitions to the courts addressing the COVID-19 changes, for the procedural due process to be released from prison." Complaint at 9.  Gallegos does not cite to a particular legal proceeding or identify exactly how he was deprived of an opportunity to be heard at a meaningful time or in a meaningful way.  See Mathews v. Eldridge, 424 U.S. at 333.  To the contrary, the Complaint's exhibits demonstrate that Gallegos filed a proceeding requesting release from custody, was afforded the opportunity to present evidence and arguments, presented his contention regarding COVID-19, and the court denied him relief, because it determined that he had not met the burden of establishing extraordinary circumstances justifying relief.  See Complaint at 6.  The Court concludes that the

Complaint does not state a procedural due process claim for relief.  See Mathews v. Eldridge, 424 U.S. at 333.

### C.     **EQUAL PROTECTION CLAIM**.

Gallegos also alleges a claim for "Governmental Equal Protection."  Complaint at 11.  The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America, U.S. Const. amend. XIV, guarantees that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "The Equal Protection Clause 'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'"  Soskin v. Reinertson, 353 F.3d 1242, 1247 (10th Cir. 2004) (quoting Nordlinger v. Hahn, 505 U.S. 1, 10, (1992)).  "The Clause 'creates no substantive rights. Instead, it embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly.'"  Teigen v. Renfrow, 511 F.3d 1072, 1083 (10th Cir. 2007)(quoting Vacco v. Quill, 521 U.S. 793, 799 (1997)).

Generally, to state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must show that he or she is a member of a class of individuals that is being treated differently from similarly situated individuals who are not in that class.  See SECSYS, LLC v. Vigil, 666 F.3d 678, 688 (10th Cir. 2012).  The plaintiff must demonstrate that the "'decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of' the law's differential treatment of a particular class of persons."  SECSYS, LLC v. Vigil, 666 F.3d at 685 (quoting Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)).  In other words, "a discriminatory effect against a group or class may flow from state action, it may even be a foreseen (or known) consequence of state action, but it does not run afoul of the Constitution

unless it is an intended consequence of state action." SECSYS, LLC v. Vigil, 666 F.3d at 685. See Hunnicutt v. DeSantiago, 429 F. Supp. 3d 905, 916-17 (D.N.M. 2019)(Browning, J).

Gallegos does not allege that he is a member of a class of individuals who is being treated differently from similarly situated individuals who are not in that class. See SECSYS, LLC v. Vigil, 666 F.3d at 688.  Instead, he appears to argue that the Governor's negligent exercise of executive power has prevented the courts from accurately looking at and finding that his criminal conviction is wrongful. See Complaint at 14.  Consequently, Gallegos does not state a cognizable equal protection claim under § 1983.

## V.    **THE COURT WILL DENY THE PENDING MOTIONS AS MOOT.**

Also pending before the Court is the Motion to Dismiss for Insufficient Service of Process, filed April 21, 2021 (Doc. 6).  The Court agrees that Governor Grisham, the New Mexico Corrections Department, and the individual defendants employed by the New Mexico Corrections Department were not served sufficiently with process.  Consequently, the Court will grant the Motion.

Last, non-party Ernesto J. Benavidez has filed a Motion for Clear Understanding, filed June 9, 2021 (Doc. 12)("Benavidez Motion").  Benavidez complains that he is incorrectly being served with copies of filings in Gallegos's lawsuit. See Benavidez Motion at 1-2.  The Court notes that Gallegos and Benavidez are cousins. See Benavidez Motion at 2.  They each filed essentially the same lawsuits in the Fourth Judicial District Court, and those cases were removed to federal Court. See Complaint at 1; Benavidez v. State of New Mexico, No. CIV 21-0351 MIS/CG, filed April

16, 2021 (Doc. 1-1).[2]  The Court directs counsel in this case to not serve or send to non-party Benavidez copies of any filings or submissions in this case.

**IT IS ORDERED** that: (i) any federal claims asserted in the Complaint (Tort) filed, April 16, 2021 (Doc. 1-1), are dismissed, except for Gallegos' 42 U.S.C. § 1983 claims against Defendants against the Bernalillo County District Attorney, Assistant District Attorney Treich, and Senior Program Specialist/Habeas Unit Gonzales; (ii) the Motion to Dismiss for Insufficient Service of Process, filed April 21, 2021 (Doc. 6) is granted; and (iii) the Motion for Clear Understanding, filed June 9, 2021 (Doc. 12) filed by non-party Ernesto J. Benavidez is granted and counsel is directed not to send to or serve non-party Benavidez with copies of any filings or submissions in this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Ernest J. Gallegos
Santa Rosa, New Mexico

     *Plaintiff Pro Se*

Daniel Ross Rubin
Tony F. Ortiz
Ortiz & Zamora, Attorneys at Law, LLC
Santa Fe, New Mexico

---

[2]The Complaints in both this case and the <u>Benavidez v. State of New Mexico</u> case appear to include identical copies of the same pages -- with occasional modifications such as changing the name from Benavidez to Gallegos -- but with the pages reordered in slightly different order and some pages omitted.

- 18 -

*Attorneys for Defendants Michelle Grisham, Bernalillo County District Attorney's Office, and New Mexico Corrections Department*

Michael S. Jahner
YLAW, P.C.
Albuquerque, New Mexico

-- and --

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Guadalupe County Corrections*

Sandra Lynn Byrd
Cassiday Schade, LLP
Chicago, Illinois

*Attorneys for Wexford Medical Department*