IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST J. GALLEGOS, *pro se*,

    Plaintiff,

v.                                                                                          Civ. No. 21-345 JB/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned on Defendants Bernalillo County District Attorney's Office and Assistant District Attorney Jerry Witreich's[1] ("Bernalillo Defendants") Motion to Dismiss for Insufficient Servi[ce] of Process, *see doc. 16*, pursuant to the Court's Order of Reference, *see doc. 5*. Having reviewed the Motion and being fully advised in the premises, I RECOMMEND that the Court GRANT the Motion and DISMISS Plaintiff's claims against the Bernalillo Defendants WITHOUT PREJUDICE. I further RECOMMEND that the Court DISMISS Plaintiff's claims against Defendant Melissa Gonzales WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

**I.    BACKGROUND**

Plaintiff filed his Complaint in the Fourth Judicial District Court in Guadalupe

---

[1] Defendant Jerry W. Treich appears to be incorrectly identified as Jerry Witreich in the caption.

County, New Mexico, on August 20, 2020, bringing various tort and constitutional claims for Defendants' alleged failure to take adequate measures to protect him from exposure to the Covid-19 virus while he was detained at the Guadalupe County Correctional Facility, including by failing to release him.  *See doc. 8-1* at 12-26.  Also on August 20, 2020, the state court granted Plaintiff "free service of process by the Sheriff in any County [in] New Mexico for 1 … summons …, provided that [he] first attempt[] service by certified mail," and issued summonses to Plaintiff.  *Id.* at 11; *see id.* at 79-99.  As of April 15, 2021, the date Defendant Guadalupe County Corrections removed the action to federal court, *see doc. 1*, Plaintiff had not successfully filed a return of service for any Defendant, *see doc. 8-1* at 125, 149; *see generally doc 8-1*.

On March 31, 2022, Defendants Governor Michelle Lujan Grisham, the New Mexico Department of Corrections, and all individual Defendants employed by the New Mexico Department of Corrections (collectively, the "State Defendants") filed a Motion to Dismiss for Insufficient Service of Process.  *Doc. 6.*  Upon finding that the State Defendants "were not served sufficiently with process," the Court granted the motion on March 31, 2022.  *Doc. 14* at 17-18.  The Court also screened Plaintiff's claims pursuant to 28 U.S.C. § 1915A and found that none of Plaintiff's claims survived initial screening except for a § 1983 claim against the Bernalillo County District Attorney's Office, Assistant District Attorney Treich, and Bernalillo County District Attorney Senior Program Specialist/Habeas Unit Melissa Gonzales based on their alleged

2

falsification of Covid-19 test results at the Guadalupe County Correctional Facility. *See id.* at 5-9.

On April 28, 2022, the Bernalillo Defendants filed the instant Motion to Dismiss for Insufficient Service of Process, *see doc. 16*, after filing notices of special appearance for the sole purpose of contesting personal jurisdiction, *see doc. 9; doc. 15*. To date, Plaintiff has not responded to the Motion or taken any actions of which the Court is aware to prosecute his federal case.

## II. LEGAL STANDARDS

### A. Federal Rules of Civil Procedure 12(b)(5) and 4(m)

The Bernalillo Defendants bring their Motion pursuant to Federal Rule of Civil Procedure 12(b)(5), which enables defendants to "defend against a claim on the grounds of … insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260, 1999 WL 987355, at *1 (10th Cir. 1999) (unpublished table decision); *see* Fed. R. Civ. P. 12(b)(5). A Rule 12(b)(5) motion contests "the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) (footnote omitted). Plaintiffs bear the burden of establishing that service of process was sufficient. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citing *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1987), and *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985)).

The requisite procedures for service of process are set forth in Federal Rule of Civil Procedure Rule 4. Relevant here, Federal Rule of Civil Procedure 4(m) enables a court to dismiss an action for a plaintiff's failure to timely effect service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In removed cases, the time for tolling the 90-day period begins upon the date of removal. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010).

In the Tenth Circuit, the application of Rule 4(m) requires a two-step inquiry. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "The preliminary inquiry … is whether the plaintiff has shown good cause for the failure to timely effect service." *Id.* If a plaintiff has shown good cause, the court must grant an extension of time to complete proper service. *Id.* "If the plaintiff fails to show good cause," however, the court must proceed to a second inquiry in which it "consider[s] whether a permissive extension of time may be warranted" or whether it should dismiss the case without prejudice. *Id.*; *see also Dahn v. United States*, 77 F.3d 492, 1996 WL 78133, at *2 (10th Cir. 1996) (unpublished table decision).

### B. Standards for Pro Se Litigants

"Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Martinez-Jones v. Dulce Indep. Schs.*, No. CIV 07-0703 JB/WDS, 2008 WL 2229457, at *6 (D.N.M. Mar. 14, 2008) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.D.C.1993)).  Therefore, courts "should at least 'supply minimal notice of the consequences of not complying with procedural rules'" to pro se litigants.  *Id.* (quoting *Moore*, 994 F.2d at 876).  "This assistance does not, of course, 'constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure.'"  *Id.* (quoting *Moore*, 994 F.2d at 876); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994))).

## III. ANALYSIS

Under the Local Rules of this Court, Plaintiff's failure to respond to the Motion constitutes sufficient grounds to grant it.  *See* D.N.M. LR-Civ. 7.1(a) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  However, because Plaintiff is proceeding pro se, "the best course" is to address the Motion on its merits.  *See Martinez-Jones*, 2008 WL 2229457, at *6.

### A. Plaintiff Is in Violation of Rule 4(m) and Has Not Shown Good Cause for an Extension

The undersigned finds that Plaintiff is in violation of Federal Rule of Civil Procedure 4(m) and has not shown good cause for an extension of time to effect service. Plaintiff is not proceeding *in forma pauperis*, as he has not filed a motion requesting leave to do so. Therefore, he bears the responsibility for properly serving Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)…."); *cf.* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [cases where a plaintiff is proceeding *in forma pauperis*]."); Fed. R. Civ. P. 4(c)(3) (requiring the Court to order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court … if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915").

Plaintiff's Complaint was removed to federal court on April 15, 2021, *see doc. 1*, so Rule 4(m)'s 90-day period for Plaintiff to serve Defendants—including movants— expired on July 14, 2021. *See* Fed. R. Civ. P. 4(m). Plaintiff does not dispute, and a review of the record confirms, that he has failed to file a proper return of service for the Bernalillo Defendants or any other Defendants in either state or federal court. *See doc. 14* at 17; *doc. 16*. Plaintiff's failure to respond to any of the Bernalillo Defendants' contentions concerning his failure to serve them or to make any effort to serve any Defendant after his case was removed to federal court forecloses a finding that he has

shown good cause for an extension under Rule 4(m). *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("The good cause provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." (cleaned up) (quoting *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988))). Therefore, the Court should proceed to the second inquiry: whether a permissive extension of time for plaintiff to serve Defendants is warranted. *See Espinoza*, 52 F.3d at 841.

### B. A Permissive Extension of Time is Not Warranted

The undersigned recommends that the Court not exercise its discretion under Rule 4(m) to grant a permissive extension of time for Plaintiff to serve the Bernalillo Defendants. Factors that guide the court's discretion at this second inquiry include whether the plaintiff is proceeding pro se, *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021); "the possibility of prejudice to the defendants," *id.*; whether "the complex requirements of multiple service under Rule 4(i)" are in play, *Espinoza*, 52 F.3d at 841 (internal quotation marks omitted); and whether the applicable statute of limitations would bar a refiled action, *id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment); *see also Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 624 (10th Cir. 2020).

Here, the first factor—whether Plaintiff is proceeding pro se—weighs in favor of granting him a permissive extension. However, this factor alone does not constitute

7

cause to grant Plaintiff a permissive extension, particularly when Plaintiff has been repeatedly put on notice that he has not properly served Defendants (including the movants) in this case and that his failure to properly serve Defendants could result in the dismissal of his claims. *See Shepard*, 819 F. App'x at 624 (affirming a district court's denial of a permissive extension where a pro se plaintiff had notice that she did not timely effect service for 72 days prior to the dismissal of her claims for untimely service and she "fail[ed] to provide a meaningful excuse for her delay). Plaintiff was first notified that service was defective on March 2, 2021, during the pendency of his state court case, when a court employee informed him via letter that returns of service he had attempted to file were defective because they did not include a date of service, and some of the summons he had attempted to serve were not issued by the court. *Doc. 8-1* at 125. Plaintiff was notified a second time that he had not properly served any Defendants in state court by a letter informing him that his returns of service could not be accepted because the notary signature on them was a copy and the date of service post-dated the notary's signature. *Id.* at 149. After Plaintiff's case was removed to federal court, he was put on additional notice that he had not properly served Defendants by the State Defendants' Motion to Dismiss for Insufficient Service of Process, *see doc. 6*, and the Court's granting of that motion, *see doc. 14* at 17. Because the Court granted the State Defendants' Motion to Dismiss on March 31, 2022, *see id.*, at a bare minimum, Plaintiff was on notice that his claims against other Defendants,

8

including the movants, have been subject to dismissal for improper service for more than four months, and did not take any steps to correct that deficiency. Therefore, Plaintiff's status as a pro se litigant is not a sufficient reason for a permissive extension.

In addition, the remaining three factors weigh against a permissive extension. First, Plaintiff has not filed suit against the United States, so the multiple service provisions of Rule 4(i) are not in play. Second, although a permissive extension would not necessarily prejudice the Bernalillo Defendants' ability to litigate Plaintiff's claims, it would result in unfair treatment of them vis-à-vis the State Defendants, because Plaintiff has taken no additional steps to serve the Bernalillo Defendants after the Court granted the State Defendants' Motion to Dismiss for Improper Service. Finally, Plaintiff is not barred by the applicable statute of limitations from refiling his § 1983 claim.[2] Therefore, despite Plaintiff's pro se status, the balance of the factors weighs against an extension.

---

[2] Courts determine the applicable statute of limitations for a § 1983 action by reference to the law of the forum state and the accrual date of such an action by reference to federal law. *Herrera v. City of Espanola*, 32 F.4th 980, 989-90 (10th Cir. 2022). Here, Plaintiff's § 1983 claim against the Bernalillo Defendants is based on their alleged falsification of Covid-19 test results, and it therefore sounds in both personal injury and fraud. *See doc. 14* at 9; *doc. 8-1* at 17. New Mexico state law provides for limitations periods of three years and four years, respectively, for claims based on personal injury or fraud. *See* N.M. Stat. Ann. §§ 37-1-4, 37-1-8. The Court need not determine whether a limitations period of three or four years is applicable, however, or determine the date on which Plaintiff's § 1983 claim accrued, because the emails forming the basis for Plaintiff's claim were sent in April 2020. *See doc. 8-1* at 226-28. Therefore, any possible accrual date for this claim would fall within a three-year statute of limitations.

### C. *Sua Sponte* Dismissal of Plaintiff's Claim Against Melissa Gonzales Pursuant to Rule 4(m) is Appropriate

Finally, the undersigned recommends that the Court also dismiss Plaintiff's § 1983 claim against Defendant Melissa Gonzales *sua sponte*. Although Defendant Gonzales has not moved to dismiss Plaintiff's claim against her (indeed, she has not entered an appearance in this litigation), Federal Rule of Civil Procedure 4(m) permits a court to dismiss an action *sua sponte* for a plaintiff's failure to effect timely service. Fed. R. Civ. P. 4(m). The Court's foregoing analysis respecting Plaintiff's failure to timely serve the movants applies with equal force to Defendant Gonzales. Therefore, the Court should dismiss Plaintiff's § 1983 claim against Defendant Gonzales pursuant to Rule 4(m).

## IV. CONCLUSION

For the reasons explained above, I RECOMMEND that the Court GRANT the Bernalillo Defendants' Motion to Dismiss for Insufficient Service of Process and DISMISS Plaintiffs' Complaint WITHOUT PREJUDICE.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**