IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST J. GALLEGOS,

      Plaintiff,

vs.	No. CIV 21-0345 JB/GBW

STATE OF NEW MEXICO; MICHELLE
GRISHAM; BERNALILLO COUNTY
DISTRICT ATTORNEY'S OFFICE; NEW
MEXICO CORRECTIONS DEPARTMENT;
GUADALUPE COUNTY CORRECTIONS and
WEXFORD MEDICAL DEPARTMENT,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 10, 2022 (Doc. 18)("PFRD"). Plaintiff Ernest J. Gallegos filed his Complaint in the County of Guadalupe, Fourth Judicial District Court, State of New Mexico, on August 20, 2020. See Complaint (Tort) at 1, filed April 15, 2021 (Doc. 1-1)("Complaint"). Defendant Guadalupe County Corrections removed the action to federal court on April 15, 2021. See Notice of Removal Part 1 of 2, filed April 15, 2021 (Doc. 1). As of the date of removal, Gallegos had not filed successfully a return of service for any Defendant. See Letter from Brenda Campos, Judicial Specialist Senior, to Ernesto J. Gallegos (dated March 2, 2021) at 125, filed April 27, 2021 (Doc. 8-1, at 125); Correspondence at 149, filed April 27, 2021 (Doc. 8-1, at 148). See generally State Court Record attached to Notice of Filing State Court Record, filed April 27, 2021 (Doc. 8-1). On April 28, 2022, Defendants Bernalillo County District Attorney's Office and Assistant District Attorney Jerry W. Treich ("Bernalillo Defendants") filed

a Motion to Dismiss for Insufficient Servi[ce] of Process, filed April 28, 2022 (Doc. 16)("Motion").

The Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, filed his PFRD on August 10, 2022, recommending that the Court grant the Motion.  See PFRD at 1.  Gallegos has filed no objections to the PFRD, and, upon review of the record, the Court concurs with the Magistrate Judge's findings and recommendations.  Accordingly, the Court will: (i) adopt the PFRD; (ii) grant the Bernalillo Defendants' Motion; (iii) dismiss Gallegos' claims against the Bernalillo Defendants without prejudice; (iv) dismiss Gallegos' claims against Defendant Melissa Gonzales without prejudice; and (v) remand the case, and the remaining State law claims, to the County of Guadalupe, Fourth Judicial District Court, State of New Mexico.

**LEGAL STANDARD REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal

---

[1] Congress enacted the Federal Magistrate Act, 28 U.S.C. §§ 631-39, in 1968.

questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, in accord with other Courts of Appeals, the Tenth Circuit expanded the waiver rule to cover objections that are timely, but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the that extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

>       It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding *or ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659). The Tenth Circuit joins "those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not

apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." Moore v. United States, 950 F.2d at 659. Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th

Cir. 1993)("Bratcher")(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher but not in 28 U.S.C. § 636(b)(1))). "'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir. 1991)(quoting United States v. Raddatz, 447 U.S. at 676).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, the plaintiff did not respond to the Magistrate Judge's PFRD, and, although the Court determined that the plaintiff had "waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted a review. Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously³] contrary to law, or an abuse of

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW,

discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court, however, is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

When plaintiffs proceed pro se, the Court generally construes their pleadings liberally, holding them to a less stringent standard than those a party represented by counsel. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In its review, the Court makes allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." Hall

---

2013 WL 499521, at *7 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review the Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

v. Bellmon, 935 F.2d at 1110.  The court will not construct, however, arguments or search the record for the pro se party.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support."  Garrett v. Selby Connor Maddux & Janer, 425 F.3d at 840.

## ANALYSIS

The Court has reviewed carefully the PFRD, the record, and the Motion that the PFRD addresses.  In the PFRD, Magistrate Judge Wormuth concludes that Gallegos has violated rule 4(m) of the Federal Rules of Civil Procedure and that he has "not shown good cause for an extension of time to effect service." [4]  PFRD at 6.  Further, Gallegos has not disputed that, since the time that the ninety-day period which rule 4(m) provides Gallegos to serve the Defendants has lapsed, he has not filed "a proper return of service for the Bernalillo Defendants or any other Defendants."  PFRD at 6.  Magistrate Judge Wormuth then performs a four-factor analysis to determine whether to recommend that the Court grant Gallegos a permissive extension of time to serve Bernalillo County District Attorney's Office and Mr. Treich, and concludes that the Court should not grant a permissive extension.  See PFRD at 7-9.  Finally, Magistrate Judge Wormuth recommends that the Court dismiss sua sponte Gallegos' 42 U.S.C. § 1983 claim against Gonzales,

---

[4]Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed R. Civ. P. 4(m).

because the "foregoing analysis respecting Plaintiff's failure to timely serve the movants applies with equal force to Defendant Gonzales."[5] PFRD at 10. The Court has not reviewed the PFRD de novo, because the parties have not objected to it, but rather reviewed the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 10, 2022 (Doc. 18), is adopted; (ii) the Bernalillo Defendants' Motion to Dismiss for Insufficient Servi[ce] of Process, filed April 28, 2022 (Doc. 16), is granted; (iii) the Plaintiff's claims against Defendants Bernalillo County District Attorney's Office and Assistant District Attorney Jerry Treich are dismissed without prejudice; (iv) the Plaintiff's claims against Defendant Melissa Gonzales are dismissed without prejudice; (v) the case, and the remaining State law claims, are remanded to the County of Guadalupe, Fourth Judicial District Court, State of New Mexico; and (vi) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[5]The Court notes that it: (i) has dismissed all of the federal claims in Gallegos' Complaint, except for his 42 U.S.C. § 1983 claims against Bernalillo County District Attorney's Office, Mr. Treich, and Gonzales; and (ii) has dismissed for insufficient service Gallegos' claims against Defendants Governor Michelle Lujan Grisham, the New Mexico Department of Corrections, and "all individual Defendants employed by the New Mexico Department of Corrections." Motion to Dismiss for Insufficient Servi[ce] of Process, filed April 21, 2021 (Doc. 6). See Memorandum Order and Opinion at 18, filed March 31, 2022 (Doc. 14). Thus, Magistrate Judge Wormuth's recommendations, if adopted, serve, effectively, to dismiss all of Gallegos' remaining federal claims. Accordingly, the Court will remand the remaining case, with its State law claims, to State Court.

*Parties and counsel:*

Ernest J. Gallegos

>*Plaintiff pro se*

Tony F. Ortiz
Daniel Ross Rubin
Ortiz & Zamora, Attorneys at Law, LLC
Santa Fe, New Mexico

>*Attorneys for Defendants Michelle Grisham, Bernalillo County District Attorney's Office, New Mexico Corrections Department, and Jerry W. Treich*

Michael S. Jahner
April D. White
YLAW, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant Guadalupe County Corrections*

Sandra Lynn Byrd
Cassiday Schade LLP
Chicago, Illinois

>*Attorneys for Defendant Wexford Medical Department*